IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD ANTHONY DISCO,

        Plaintiff,

v.

DANA L. ROTH, et al.,

        Defendants.

CIVIL ACTION
NO. 17-4132

**OPINION**

**Slomsky, J.**                                                                                                                                                                **July 12, 2018**

**I.**     **INTRODUCTION**

Plaintiff Richard Anthony Disco, proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983[1] against his former parole agent, Dana L. Roth, and her supervisor, Stewart Greenberg. Plaintiff alleges that Defendant Roth willfully and maliciously wrote a false and incriminating statement about him in Plaintiff's 2003 Supervision History Report to influence the Commonwealth of Pennsylvania Board of Probation and Parole ("Parole Board") to keep him in prison for as long as possible. He further alleges that Defendants conspired against him when Defendant Greenberg signed off on the Supervision History Report containing the false statement. Plaintiff contends that this conduct violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

---

[1]     42 U.S.C. § 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

§ 1983.

Before the Court is Defendants' Motion to Dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 8.) Plaintiff has filed a Response in Opposition (Doc. No. 12), and Defendants have filed a Reply (Doc. No. 13). Plaintiff also has filed Supplemental Responses in Opposition. (Doc. Nos. 15, 16.) On February 22, 2018, the Court held a hearing on the Motion to Dismiss. For reasons that follow, Defendants' Motion to Dismiss (Doc. No. 8) will be granted.[2]

## II. BACKGROUND[3]

On May 19, 2003, a jury in the Philadelphia Court of Common Pleas found Plaintiff guilty of involuntary deviate sexual intercourse, endangering the welfare of children, corruption of minors, and indecent assault. (Doc. No. 4, Ex. B at 19:24-20:4.) After the verdict was read, Plaintiff said to the prosecutor: "It's far from over. Believe that, Ms. Smith. It's far from over. They came to court lying on me. They fucking lied, fucking motherfuckers. You haven't heard the last of me, bitch." (Id. at 20:18-22.)

At the time of the events giving rise to this conviction, Plaintiff was on parole and under the supervision of parole agent, Defendant Dana L. Roth. (Doc. No. 4 at 5; Ex. A.) Defendant Roth, who was present at Plaintiff's trial and testified as a witness for the Commonwealth,

---

[2] In reaching a decision, the Court has considered the Complaint (Doc. No. 4); the Motion to Dismiss (Doc. No. 8); Plaintiff's Response in Opposition (Doc. No. 12); Defendants' Reply (Doc. No. 13); Plaintiff's Supplemental Responses (Doc. Nos. 15, 16); the arguments of Plaintiff and counsel for Defendants at the February 22, 2018 hearing on the Motion; Plaintiff's Sentence Status Summary, filed as an Exhibit by Defendants (Doc. No. 17); and the February 23, 2018 letter to the Court from Plaintiff (Doc. No. 19).

[3] The following facts are taken from the Complaint and accompanying Exhibits (Doc. No. 4) and are accepted as true for purposes of the Motion to Dismiss. Because Plaintiff is proceeding pro se, the Court will liberally construe the pleadings. See Higgins v. Beyers, 293 F.3d 683, 688 (3d Cir. 2002) (explaining that where a complaint is filed pro se, the court "must liberally construe [the] pleadings, and . . . 'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name'" (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999))).

prepared a Supervision History Report ("Report") for the Parole Board, in which she included a description of what took place after the verdict was read. (Id. at 5; Ex. A.) In the Report, Defendant Roth states as follows:

> It should be noted that on the date of subject's conviction, 5/19/2003, subject showed hostile behavior in the courtroom. After the verdict was read, subject attempted to jump over the bar of the court and attack the victim and her mother. Subject was restrained by seven court sheriffs. At this time, subject stated "You fucking slut. You fucking came to court and lied on me. This is not over. You will pay for this!"

(Id., Ex. A.) The above statement does not appear in the trial transcript. The Report is signed by Defendant Roth and by her supervisor, Defendant Stewart Greenberg. (Id. at 2.) On July 24, 2003, the Report was sent to the Parole Board by facsimile. (Id.)

Plaintiff alleges that he received a copy of this Report and became aware of Defendant Roth's statement in it on December 27, 2016 after filing a petition for review in the Pennsylvania Commonwealth Court challenging a Parole Board decision recorded on December 8, 2015. (Doc. No. 4 at 4.) He alleges that he did not attempt to jump over the bar of the court, did not attempt to attack the alleged victim and her mother, was not restrained by seven court sheriffs, and did not make the statement written in the Report. (Id.) Instead, he contends that Defendant Roth engaged in willful misconduct when she intentionally and with malice made false and incriminating statements about him to convince or influence the Parole Board to keep him in prison for as long as possible. (Id. at 5.)

Finally, Plaintiff asserts that he is three years past his "actual minimum expiration date"[4] and has not been interviewed for parole by the Parole Board. (Id.) He also states that he is challenging in the Commonwealth Court a Parole Board decision that changed his "maximum

---

[4] A prisoner becomes eligible for parole consideration when he reaches his minimum expiration date. See 61 Pa. Cons. Stat. Ann. § 6137(a)(3) ("The power to parole may . . . be exercised . . . only after, the expiration of the minimum term of imprisonment fixed by the court in its sentence or by the Board of Pardons . . . .").

3

parole violation expiration date"[5] on his original sentence from August 4, 2006 to May 14, 2009, adding thirty-three months to the minimum and maximum terms on his current sentence. (Id.)

On September 15, 2017, Plaintiff filed the instant Complaint against Defendants, alleging that Defendant Roth's actions violated his Eighth and Fourteenth Amendment rights. (Id. at 6.) He further alleges that Defendants conspired against him when Defendant Roth's supervisor, Defendant Greenberg, signed the Report. (Id.) Plaintiff seeks $500,000 in damages. (Id. at 16.)

### III. STANDARD OF REVIEW

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). After Iqbal it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 678; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Iqbal, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Iqbal, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678).

Applying the principles of Iqbal and Twombly, the Third Circuit in Santiago v. Warminster Township, 629 F.3d 121 (3d Cir. 2010), set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a Rule 12(b)(6) motion to dismiss:

---

[5] A prisoner is discharged from parole supervision when he reaches his maximum parole expiration date. See 37 Pa. Code § 63.2 ("The parolee shall remain in the legal custody of the Board until the expiration of his maximum sentence, or until he is legally discharged.").

4

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Id. at 130 (quoting Iqbal, 556 U.S. at 675, 679). The inquiry is normally broken into three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citation omitted). The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

When determining a motion to dismiss, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Where, as here, the complaint is filed pro se, the "complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Fatone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). It should be dismissed only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim

5

that would entitle [him] to relief." Olaniyi v. Alexa Cab Co., 239 F. App'x 698, 699 (3d Cir. 2007) (citing McDowell v. Del. State Police, 88 F.3d 188, 189 (3d Cir. 1996)).

## IV. ANALYSIS

Plaintiff has filed suit under 42 U.S.C. § 1983 for violations of his Eighth and Fourteenth Amendment rights. He contends that Defendant Roth violated his constitutional rights by willfully and maliciously writing false and incriminating statements about him in the Report. He also alleges that Defendants conspired to violate his constitutional rights when Defendant Greenberg signed off on the Report containing the false statement.

As noted, § 1983 provides in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

To recover under § 1983, a plaintiff must establish that defendants, "acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." Black v. Montgomery County, 835 F.3d 358, 364 (3d Cir. 2016) (quoting Elmore v. Cleary, 399 F.3d 279, 281 (3d Cir. 2005)), cert. denied sub nom. Pomponio v. Black, 137 S. Ct. 2093 (2017) (mem). Section 1983 "is not a source of substantive rights but rather a mechanism to vindicate rights afforded by the Constitution or a federal statute." Id. (citing Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).

Defendants seek to dismiss the Complaint in its entirety under Rule 12(b)(6) for failure to state a claim. (Doc. No. 8.) They do not dispute they were acting under color of state law when the conduct occurred but instead argue that the alleged conduct did not deprive Plaintiff of a right secured by the Constitution. Plaintiff does not specify whether he is suing Defendants in their official or individual capacities, but because he is proceeding pro se, the Court will interpret his

6

Complaint as alleging claims against Defendants in both capacities. Accordingly, the Court will discuss each of Plaintiff's claims in turn.

> **A. The Eleventh Amendment Bars Any Claim Against Defendants Roth and Greenberg in Their Official Capacities**

Any claim against Defendants in their official capacities for monetary damages is barred by Eleventh Amendment sovereign immunity. The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Under the Eleventh Amendment, a nonconsenting state is immune from suit in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). This immunity extends to suits brought by a citizen against his own state, Lombardo v. Pa. Dep't of Pub. Welfare, 540 F.3d 190, 194 (3d Cir. 2008) (citing Hans v. Louisiana, 134 U.S. 1, 20-21 (1890)), and "to state agencies and departments," MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir. 2001) (citing C.H., ex rel. Z.H. v. Olivia, 226 F.3d 198, 201 (3d Cir. 2000) (en banc)). It also extends to "state officials sued in their official capacities for monetary damages." A.W. v. Jersey City Pub. Sch., 341 F.3d 234, 238 (3d Cir. 2003) (citations omitted).

Importantly, "Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity." J.C. v. Ford, 674 F. App'x 230, 232 (3d Cir. 2016) (citing Haybarger v. Lawrence Cty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008)). Thus, the probation and parole department "and its employees acting in their official capacity are entitled to immunity from damages." Id.

Here, Plaintiff has sued Defendant Roth, an Allentown, Pennsylvania parole agent, and Defendant Greenberg, her supervisor, for $500,000 in monetary damages. (Doc. No. 4 at 16.) As employees of the Parole Board, they are immune from suit for damages under the Eleventh

7

Amendment. For this reason, any claim against them in their official capacities will be dismissed.

> B. **Plaintiff Has Not Plausibly Alleged a Claim Against Defendant Roth In Her Individual Capacity for a Violation of His Eighth and Fourteenth Amendment Rights**
>
>> 1. **Plaintiff Has Not Plausibly Alleged an Eighth Amendment Claim Because He Has Not Alleged a Sufficiently Serious Deprivation**

Plaintiff contends that Defendant Roth "deliberately falsified" the Report "with false statements" about Plaintiff that she "knew or should have known" would "definitely pose a substantial risk to [his] liberty" and in doing so acted with deliberate indifference under the Eighth Amendment. (Doc. No. 4 at 6.) Defendant Roth argues that Plaintiff has failed to plausibly plead an Eighth Amendment violation because he has not alleged any deprivation as a result of her false statement. (Doc. No. 13 at 5.)

The Eighth Amendment to the United States prohibits "cruel and unusual punishment." U.S. Const. amend. VIII. As the Supreme Court explained in Farmer v. Brennan, "the treatment a prisoner receives and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." 511 U.S. 825, 832 (1994) (quoting Helling v. McKinney, 509 U.S. 25, 31 (1993)). For an Eighth Amendment violation, a plaintiff must prove two requirements. Id. at 834. First, the alleged deprivation "must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Id. (citations omitted). Second, "a prison official must have a 'sufficiently culpable state of mind,'" which is "one of 'deliberate indifference' to inmate health or safety." Id. (citations omitted). Deliberate indifference requires that the prison official "know of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

The Third Circuit applied this test in Chavarriaga v. New Jersey Department of Corrections as follows:

> An inmate seeking to prove that she has been subjected to an Eighth Amendment violation therefore must make both an objective and a subjective showing to impose liability on a defendant. Objectively, an inmate must show that the deprivation was "sufficiently serious" so that it reached the level of an Eighth Amendment violation. Wilson, 501 U.S. at 297, 111 S. Ct. at 2324. Subjectively, an inmate must show that the defendant acted with "deliberate indifference" to her health or safety. Farmer, 511 U.S. at 834, 114 S. Ct. at 1977.

806 F.3d 210, 226-27 (3d Cir. 2015).

Courts have consistently held that false or degrading statements of prison officials or other state actors, without more, do not rise to the level of an Eighth Amendment violation. See, e.g., Zuniga Hernandez v. Unknown Officer, 433 F. App'x 56, 59 (3d Cir. 2011) (per curiam) (holding that correctional officer's false statement during disciplinary hearing "was not an example of deliberate indifference to a substantial risk of serious harm" and thus plaintiff had not stated an Eighth Amendment claim (citing Farmer, 511 U.S. at 832-36)); Ingram v. Donate, Civ. A. No. 1:08-CV-0407, 2008 WL 2780648, at *2 (M.D. Pa. July 16, 2008) (adopting magistrate judge's recommendation that inmate plaintiff's Eighth Amendment claim against correctional officer for calling him a racial slur be dismissed because it did not cause a deprivation that was "objectively, 'sufficiently serious'" (quoting Farmer, 511 U.S. at 834)); Kilgore v. Koop, No. 1:09-cv-117, 2009 WL 528933, at *3 (W.D. Mich. Mar. 2, 2009) (holding that prison supervisor's "false and degrading statements" about prisoner plaintiff "cannot be considered to rise to the level of punishment that violates the Eighth Amendment").

In this case, Plaintiff has not plausibly pled a violation of his Eighth Amendment right to be free from cruel and unusual punishment because he has not pled the first requirement of the

9

test set forth in Farmer v. Brennan. He has not plausibly alleged that Defendant Roth's false statement in the Report caused a sufficiently serious deprivation of "the minimal civilized measure of life's necessities." See Farmer, 511 U.S. 834. He does not plausibly allege that her false statement caused him to be denied parole or caused him any other adverse consequence with the Parole Board. Plaintiff's claims, at best, are speculative.

In fact, Plaintiff clarified his Complaint at the February 22, 2018 hearing on the Motion, "My point here is that there was only one purpose for that supervision history report and it was to cause me harm in the eyes of the parole board, as I said." (Hr'g Tr. at 20:23-25.) He explained, "I did not imply . . . that Agent Roth submitted the supervision report that I'm using that as a reason for not being paroled." (Id. at 23:2-5.) He continued, "My argument is simply that Agent Roth's intentions were to cause me harm by saying that I threatened the alleged victim in the courtroom." (Id. at 23:7-9.) Accordingly, Plaintiff only alleges that Defendant Roth's statement had the purpose of causing him harm but not that he has suffered any deprivation as a result. Because, objectively, Plaintiff has not plausibly alleged that Defendant Roth's false statements in the Report caused him "sufficiently serious" deprivation, he has failed to meet the first requirement of an Eighth Amendment claim. For this reason, Plaintiff's Eighth Amendment claim against Defendant Roth will be dismissed.

### 2. Plaintiff's Fourteenth Amendment Substantive Due Process Claim Will Be Dismissed Under the More-Specific-Provision Rule

Plaintiff alleges that Defendant Roth's actions violated the Fourteenth Amendment because she devised a plan with actual malice and willful misconduct to make false and incriminating statements about him with a malicious objective to jeopardize his liberty. (Doc. No. 4 at 6.) Although he does not specify in his Complaint whether his Fourteenth Amendment claim is a substantive or procedural due process claim, liberally construing his allegations, the

Court views his claim as one for a violation of his substantive due process rights.[6] Defendants argue that Plaintiff's Fourteenth Amendment claim is subsumed within his Eighth Amendment claim under the "more-specific-provision rule" and therefore must be analyzed under the Eighth Amendment instead of under the Fourteenth Amendment. (Doc. No. 13 at 4.)

Under the "more-specific-provision rule," the Supreme Court has held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." County of Sacramento v. Lewis, 523 U.S. 833, 841 (1998) (quoting Albright v. Oliver, 510 U.S. 266, 273 (1994)); see also Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260 (3d Cir. 2010) (applying more-specific-provision rule, holding that Eighth Amendment covered conditions of confinement claim

---

[6] The Fourteenth Amendment due process clause "contains both substantive and procedural components." Steele v. Cicchi, 855 F.3d 494, 501 (3d Cir. 2017) (citing County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998)). In Steele, the Third Circuit explained that "[t]he substantive component of the Due Process Clause limits what government may do regardless of the fairness of procedures that it employs . . . in order to 'guarantee protect[ion] against government power arbitrarily and oppressively exercised.'" Id. (first quoting Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 399 (3d Cir. 2000); then quoting Lewis, 523 U.S. at 846).

Courts in the Third Circuit hold that allegedly false statements by government actors implicate substantive due process rights. See Boyanowski, 215 F.3d at 400-01 (discussing false statements made by executive director at plaintiff's former employer as a substantive due process claim); Starkey v. York County, No. 1:11-cv-00981, 2011 WL 11071762, at *4-5 (M.D. Pa. Sept. 21, 2011) (analyzing allegedly deliberate false statements of child abuse by a social worker under the substantive due process component of the Fourteenth Amendment).

Here, Plaintiff alleges that Defendant Roth devised a plan with actual malice and willful misconduct to make false and incriminating statements about him with a malicious objective to jeopardize his liberty. (Doc. No. 4 at 6.) Because his claim centers on Defendant Roth's alleged arbitrary, oppressive, and abusive conduct, it is properly construed as a substantive due process claim. See Lewis, 523 U.S. at 845-56 (stating that "only the most egregious official conduct" is "abusive executive action" that is "arbitrary in the constitutional sense").

regarding football injury at juvenile detention center rather than the Fourteenth Amendment substantive due process clause).

Here, Plaintiff brings his Fourteenth Amendment claim for the same conduct as he brings his Eighth Amendment claim. Because the Eighth Amendment provides a more specific constitutional protection against false statements made about inmates, Plaintiff's claims are properly addressed only under that Amendment. Accordingly, Plaintiff's Fourteenth Amendment claim is barred by the more-specific-provision rule and will be dismissed.

### C. Plaintiff Has Not Plausibly Alleged a Claim Against Defendant Greenberg in His Individual Capacity for a Violation of His Eighth Amendment Rights

#### 1. Defendant Greenberg Did Not Conspire with Defendant Roth to Violate Plaintiff's Constitutional Rights When He Signed the Report

Plaintiff alleges that by signing off on the Report containing Defendant Roth's false statements about him, Defendant Greenberg conspired with her to violate Plaintiff's constitutional rights. (Doc. No. 4 at 6.) Defendant Greenberg responds that Plaintiff has made only a conclusory allegation of conspiracy and has not pled any facts to show that Defendants agreed to deny Plaintiff his rights. (Doc. No. 8 at 9.) The Court agrees.

To state a claim for conspiracy under § 1983, a plaintiff must allege "(1) the existence of a conspiracy involving state action; and (2) a deprivation of rights in furtherance of the conspiracy by a party to the conspiracy." Rosembert v. Borough of E. Landsdowne, 14 F. Supp. 3d 631, 647 (E.D. Pa. 2014) (quoting Gale v. Storti, 608 F. Supp. 2d 629, 635 (E.D. Pa. 2009)). Plaintiff must allege that there was an agreement or a meeting of the minds to deprive him of his constitutional rights. Starzell v. City of Philadelphia, 533 F.3d 183, 205 (3d Cir. 2008) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 (1970)). To survive a motion to dismiss, a § 1983 conspiracy claim "should identify with particularity the conduct violating plaintiffs' rights, the time and place of these actions, and the people responsible therefor." Rosembert, 14

F. Supp. 3d at 648 (quoting DeJohn v. Temple Univ., Civ. A. No. 06-778, 2006 WL 262374, at *5 (E.D. Pa. Sept. 11, 2006)).

In this case, as noted, Plaintiff has not plausibly alleged a deprivation of his constitutional rights caused by the false statement in the Report. Thus, his conspiracy claim to violate those rights also fails. See Schlager v. Beard, 398 F. App'x 699, 702 (3d Cir. 2010) (holding that because plaintiff could not establish a violation of his constitutional rights, he could not establish a conspiracy to violate those rights). He also has not alleged that there was any sort of agreement between Defendants to violate his rights. Instead, he merely alleges that Defendant Greenberg confirmed the statement by signing the Report. (Doc. No. 4 at 6.) Because Plaintiff has failed to allege an agreement or a meeting of the minds between Defendants Roth and Greenberg, his conspiracy claim fails. As such, Plaintiff's conspiracy claim will be dismissed.

### 2. Defendant Greenberg Is Not Responsible for the Alleged Conduct of Defendant Roth Under a Theory of Respondeat Superior

Not only has Plaintiff failed to plausibly allege a conspiracy claim against Defendant Greenberg for his conduct in signing off on the Report prepared by Defendant Roth, Plaintiff also has not plausibly alleged a claim for supervisory liability against Defendant Greenberg.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Argueta v. U.S. Immigration & Customs Enf't, 643 F.3d 60, 71 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Because vicarious liability is inapplicable, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Id. (quoting Iqbal, 556 U.S. at 676). The government official "must have had some sort of personal involvement in the alleged unconstitutional conduct" to be held liable. Id.

A government official can be held liable for acts of a subordinate in two ways. A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004). First, "personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Argueta, 643 F.3d at 72 (quoting Rode v. Dellaciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). To plead acquiescence, "the supervisor must contemporaneously know of the violation of a plaintiff's rights and fail to take action." Anderson v. City of Philadelphia, Civ. A. No. 16-5717, 2017 WL 550587, at *4 (E.D. Pa. Feb. 10, 2017) (citing Robinson v. City of Pittsburgh, 120 F.3d 1286, 1294 (3d Cir. 1997)). "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (citing Baker v. Monroe Township, 50 F.3d 1186, 1194 (3d Cir. 1995)).

Second, a supervisor can be liable under § 1983 if he "implements a policy or practice that creates an unreasonable risk of a constitutional violation on the part of the subordinate and the supervisor's failure to change the policy or employ corrective practices is a cause of this unconstitutional conduct." Argueta, 643 F.3d at 72 (citing Brown v. Muhlenberg Township, 269 F.3d 205, 216 (3d Cir. 2001)).

Here, Plaintiff has failed to plausibly allege that Defendant Greenberg's conduct as a supervisor violated his constitutional rights. Defendant Greenberg cannot be held liable for the unconstitutional conduct of Defendant Roth under a theory of respondeat superior, and Plaintiff has not plausibly alleged that he had any personal involvement in Defendant Roth's conduct. See Argueta, 643 F.3d at 71. Plaintiff has not pled that Defendant Greenberg personally directed or had actual knowledge of Defendant Roth's conduct at the time. He also has not pled that

Defendant Greenberg implemented any sort of policy or practice that created an unreasonable risk of a constitutional violation on the part Defendant Roth. See id. at 72. Plaintiff merely contends that Defendant Greenberg signed off on the Report containing Defendant Roth's false statement about him. This sole allegation is insufficient to state a claim against Defendant Greenberg for the acts of Defendant Roth. The claims against Defendant Greenberg will be dismissed.

### D. Defendants Roth and Greenberg Are Entitled to Qualified Immunity

Finally, Defendants submit that the doctrine of qualified immunity shields them from liability. (Doc. No. 8 at 10.) In response, Plaintiff argues that Defendants are not entitled to qualified immunity because the constitutional violations fall under the Eighth and Fourteenth Amendments, which are clearly established constitutional rights. (Doc. No. 12 at 12-13.)

The doctrine of qualified immunity "shields government actors from suit 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Zaloga v. Borough of Moosic, 841 F.3d 170, 174 (3d Cir. 2016) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). A qualified immunity determination requires a two-part inquiry. Id. First, a court must consider "whether the alleged facts, taken in the light most favorable to the injured party, 'show [that] the [government official]'s conduct violated a constitutional right.'" Id. (alterations in original) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)).

Second, a "court must ask whether the right was clearly established 'in light of the specific context of the case, [and] not as a broad general proposition.'" Id. (alteration in original) (quoting Saucier, 533 U.S. at 201). Qualified immunity applies unless the government official's conduct violated a "clearly established law," that is, if the "officers have 'faire notice' that they are acting unconstitutionally." Davenport v. Borough of Homestead, 870 F.3d 273, 281 (3d Cir.

2017) (quoting Mullenix v. Luna, 136 S. Ct. 305, 314 (2015)). Put another way, "an officer is not entitled to qualified immunity if 'at the time of the challenged conduct, the contours of [the] right [were] sufficiently clear that every reasonable official would have understood that what he [was] doing violates that right.'" Id. (alterations in original) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011)). Although "a case directly on point" is not required, "existing precedent must have placed the statutory or constitutional question beyond debate." Id. (quoting al-Kidd, 563 U.S. at 741).

Here, Defendants are entitled to qualified immunity because Plaintiff has not plausibly alleged that their conduct violated a constitutional right that was clearly established in the context of this case. First, because Defendants committed no constitutional violation, they are entitled to qualified immunity and dismissal of the claims against them. The Court's analysis could end now because a court is not required to analyze the second step of the qualified immunity test if no constitutional violation occurred. Scott v. Harris, 550 U.S. 372, 377 (2007) (stating that a court must only proceed to the second step of the qualified immunity analysis if it finds a constitutional violation); see also Reedy v. Evanson, 615 F.3d 197, 223-24 (3d Cir. 2010) (explaining that no further inquiry is required if no constitutional violation is found). Nonetheless, the Court will briefly discuss the second prong.

Second, Defendants' conduct did not violate clearly established law under the circumstances. This Court is not aware of any precedent that holds that, without more, it is a constitutional violation for a parole agent to write a false statement about a defendant in a report. Moreover, the Court also is not aware of any precedent that holds that it is unconstitutional for a supervisor to sign off on a report containing a false statement. Since Defendants did not violate a

clearly established constitutional right, they are entitled to qualified immunity, and Plaintiff's claims against them will be dismissed.[7]

## V.     CONCLUSION

For all the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 8) will be granted. An appropriate Order follows.

---

[7] Although Plaintiff has not requested that he be granted leave to amend his Complaint, the Court will not grant him leave to amend because doing so would be futile. In civil rights cases, the court "must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (citation omitted); see also Mullin v. Balicki, 875 F.3d 140, 151 (3d Cir. 2017); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Here, amendment will not be granted because it would be futile. Plaintiff's claims fail because the alleged conduct does not amount to a constitutional violation and because Defendants are entitled to qualified immunity. Amendment would not cure the deficiencies in the Complaint. For this reason, the Complaint will be dismissed with prejudice.